**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205

Telephone: (503) 241-3617
Facsimile: (503) 241-2249

      Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **DAVID UPDIKE**, on behalf of himself, and for all others similarly situated,<br><br>          PLAINTIFFS,<br><br>          v.<br><br>**MARION COUNTY, OREGON,**<br><br>          DEFENDANT. | Case No. 6:18-cv-01383<br><br>**CLASS ACTION COMPLAINT**<br>(Title II of the ADA, Section 504 of the Rehabilitation Act of 1973)<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff David Updike, individually for himself, and for all others similarly situated, for

cause of action against Marion County, Oregon and alleges as follows:

## I. NATURE OF THE ACTION

      1.      This is an action for damages, including compensatory damages, equitable relief,

including injunctive and declaratory relief, and attorney fees and costs, to redress violations of

PAGE 1 – CLASS ACTION COMPLAINT

Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* and violations of

Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*

2.      This is a class-action lawsuit based on the willful and deliberate refusal of the

Defendant to comply with federal laws protecting the right of the Plaintiffs, who are deaf or hard of

hearing, in the custody of Defendant.

3.      Through their policies and practices, Defendant discriminates against Deaf and

Hard of Hearing individuals in their custody. They have done this by denying Deaf and Hard of

Hearing individuals in their custody adequate and equally effective means to communicate by

telephone with individuals outside of jail. Defendant has also failed to provide adequate access to

other auxiliary aids and services necessary to accommodate Deaf and Hard of Hearing individuals

in a variety of settings including in connection with medical services.

4.      As a result of Defendant's discriminatory policies and practices, Deaf and Hard of

Hearing individuals in Defendant's custody and under Defendant's supervision have experienced

the following harms:

(a)      Have been prevented from effectively communicating by telephone with

family, friends, and attorneys outside of jail;

(b)      Have missed jail-wide announcements, jail counts, and announcements for

meals and other important daily activities;

(c)      Have been excluded from participation in any education and counseling

programs offered by Defendant;

(d)      Have been discriminated against in work assignments; and

(e)      Have been denied equal access to medical treatment afforded to hearing

prisoners.

## II. JURISDICTION

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal

Question).

PAGE 2 – CLASS ACTION COMPLAINT

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the claim or a substantial part of the events giving rise to the claims herein occurred or arose in this Judicial District.

### III. PARTIES

7.      Plaintiff David Updike (hereinafter "Plaintiff") is a citizen of the United States of America. At the time of filing of this action, Plaintiff has standing as he is in custody in the Marion County Jail.

8.      At all times relevant, Plaintiff was a resident of Gresham or Portland, Multnomah County, Oregon. Plaintiff is a qualified individual with a disability. Plaintiff is profoundly deaf. Plaintiff has been deaf his entire life. Plaintiff's primary language is American Sign Language (ASL). He relies on ASL to communicate and requires an ASL interpreter to allow him to communicate effectively with persons who do not know ASL. Plaintiff cannot use a standard telephone without auxiliary aids, such as teletypewriters, also known as TTY, and which is sometimes known as TDD, and video conferencing to communicate. Plaintiff watches television with the assistance of the closed-captioning function.

9.      Plaintiff is bringing this action on his behalf and on behalf of a class of persons similarly situated, pursuant to the provisions of Fed. R. Civ. P. 23. This suit is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) and (3). Plaintiff represents all Deaf and Hard of Hearing inmates who formerly were or currently are incarcerated in the Marion County Jail, or who will become incarcerated in said jail in the future.

10.     Defendant Marion County, Oregon (hereinafter "the County" or "Defendant") is a political subdivision of the State of Oregon. The County, through the Marion County Sheriff's Office, owns and operates the correctional facilities or jail in Marion County, Oregon, known as the Marion County Jail and is responsible for the inmates in said jail. Said Defendant is a public entity subject to Title II of the ADA. Said Defendant is a recipient of federal financial assistance and subject to Section 504 of the Rehabilitation Act of 1973.

PAGE 3 – CLASS ACTION COMPLAINT

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

11.     Defendant, its Marion County Sheriff's Office, and its Marion County Jail are recipients of federal financial assistance and subject to Section 504 of the Rehabilitation Act of 1973.

## IV. GENERAL FACTUAL ALLEGATIONS

12.     Defendant provides hearing individuals in their custody at Marion County jail access to telecommunications services (telephones) and privileges in order for those prisoners or inmates to communicate with family, friends and other individuals outside of prison.

13.     As the Federal Bureau of Prisons has recognized, "[t]telephone privileges are a supplemental means of maintaining community and family ties that will contribute to an inmate's personal development." 28 C.F.R. § 540.100. Telephone and other forms of telecommunication are very important to individuals in custody of Defendant because such communication fosters the family and community ties that are fundamental to motivate incarcerated individuals to improve themselves and to prepare them to make a positive transition back to civilian lift once their sentence is complete.

14.     Defendant provides access to telecommunications services for hearing inmates so they can communicate with legal counsel.

15.     Most Deaf and Hard of Hearing Marion County Jail prisoners cannot use traditional telephones to communicate with individuals outside of prison.

16.     Some jails and prisons provide Deaf individuals in their custody with limited access to telecommunication devices for the Deaf ("TDDs"). TDDs are sometimes known as TTYs. TDDs are electronic devices for text communication via a telephone lien to enable people with hearing and speech disabilities to communicate by telephone. The TDD is a basically a telephone equipped with a keyboard and a display screen. For two parties to have a direct TDD conversation, each party must have a TDD.

17.     Relay services are federally-mandated services that allow TDD users to communicate with hearing individuals who do not have TDDs. Relay services operate as follows:

PAGE 4 – CLASS ACTION COMPLAINT

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

the party using the TDD places a call to a relay center, and a relay operator answers the call using another TDD. The caller provides the operator with the phone number of the party with whom they wish to communicate, and the operator places the call. When a hearing person answers the telephone, the relay operator explains the relay service and states the name of the caller. The responses of the hearing person are typed by the relay operator into a TDD, and transmitted over the telephone lines to the TDD user. The call proceeds with the relay operator voicing what the TDD user types to the hearing person receiving the call, and typing what the hearing person speaks. The process can also work the other way. A hearing person who has no TDD can call a Deaf individual from a traditional telephone by using the relay service.

18.     The relay service is free of charge to the users. The caller pays only for the cost of the call to the party with whom the caller wished to converse. To connect to a relay service center, an individual can either dial "7-1-1" from anywhere in the United States or dial the toll-free "800" number of the relay service in the caller's locality. Accordingly, TDD relay services in Oregon may be access in two ways: by calling 7-1-1, or by calling (800) 735-1232, the Oregon toll-free relay service number.

19.     For the most part, Deaf individuals in the United States who use ASL have abandoned TDD technology when possible and now utilize video phones.

20.     Some Deaf and Hard of Hearing inmates who do not know ASL still require TDD provisions in order to achieve access to telecommunication services.

21.     A TDD conversation takes significantly longer than a traditional voice telephone call, because it takes much longer to type and read rather than to speak and listen. Defendant must provide additional time for inmates who are given access to TDD for calls.

22.     Videophones and free or low-cost internet-based video links (collectively, "videophones") are replacing TDDs among Deaf people because they allow Deaf individuals to communicate with one another directly in ASL, without having to communicate through written English, a language that is difficult for some of them to communicate in. When using a

PAGE 5 – CLASS ACTION COMPLAINT

videophone, callers can see each other, usually over an Internet connection. As a result, many Deaf households no longer own a TDD and have no way to accept a TDD call, as they rely exclusively on videophones for telecommunication.

23.    Deaf individuals using videophones can also call a Video Relay Service ("VRS") to place calls to people who do not understand ASL or do not have a videophone. The mechanics of VRS are very similar to those of traditional TDD relay service. The caller is routed to an interpreter, the caller gives the interpreter the number of the party s/he is trying to reach, and the interpreter then interprets the conversation into spoken English.

24.    Videophones and VRS permit Deaf people to use ASL instead of having to carry out every telephone call in written English through a TDD. Due to the fact that TDDs rely on written communications, they are by nature an unsatisfactory and ineffective means of communication for many Deaf individuals. Writing usually does not provide effective communication for a Deaf individual. English is generally considered a second language for most Deaf persons who became deaf before acquiring language. ASL is their native language. Additionally, many Deaf people acquire English as their second language much later in life. Therefore, the English reading and writing skill level of many Deaf individuals, including those incarcerated at Marion County Jail, is generally much lower than that of hearing people.

25.    Provision of videophones would also ensure that Deaf inmates could place telephone calls to Deaf family and friends, the vast majority no longer have TDD devices.

**Inadequate Access to Auxiliary Aids and Services**

*American Sign Language Interpreters*

26.    Individuals in the custody of Defendant in the Marion County Jail are wholly dependent upon Defendant for medical, dental, educational, mental health, vocational, and religious services. Individuals in Defendant's custody in the Marion County Jail are also dependent upon Defendant and jail staff for all of their basic daily needs, including food, exercise, recreation, and safety.

PAGE 6 – CLASS ACTION COMPLAINT

27. For Deaf or Hard of Hearing individuals who rely on ASL as their primary form of communication, the use of a qualified ASL interpreter is necessary to ensure effective communication between a Deaf or Hard of Hearing individual and an individual who does not use ASL to communicate.

28. A qualified ASL interpreter is necessary because ASL is a complete, complex language that employs signs made with the hands and other movements, including facial expressions and postures of the body. It is a language distinct from English. It is not simply English in hand signals. ASL has its own vocabulary, and its own rules for grammar and syntax.

29. Writing in English does not usually provide effective communication for a Deaf individual. English is generally considered a second language for most Deaf persons who became deaf before acquiring language. ASL is their native language. Although Deaf people may acquire English as their second language later in life, it is often past the critical period of language acquisition. Therefore, the English reading and writing skill level of many Deaf individuals, including those incarcerated by Defendants, is generally much lower than that of hearing people.

30. Lip reading usually does not provide effective communication for a Deaf individual and is generally far less effective than written communication. It is extremely difficult to lip read English because only a small fraction of the sounds used in the language are clearly visible on the mouth, and many sounds that are visible look identical on the lips. In addition to these difficulties in lip reading, the ability to accurately lip read is affected by the speaker's facial bone structure facial musculature, facial hair, lights, and other external factors. Moreover, even if an ASL user were able to identify the sounds appearing on a speaker's lips, for the reason set forth above, s/he would not necessarily understand the English language or the vocabulary the speaker was using.

31. Thus, the provision of qualified sign language interpreter services is the auxiliary service necessary to allow Deaf individuals who use ASL in Defendant's custody and under Defendant's supervision to effective communication with jail officials, jail employees, and medical personnel.

PAGE 7 – CLASS ACTION COMPLAINT

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

32.     Defendant failed to provide adequate access to sign language interpreters for Deaf individuals in their custody and control and under their supervision.

*Interpreters for Access to Medical Services*

33.     Defendant is responsible for the medical care of all individuals incarcerated by Defendant in the Marion County Jail.

34.     Deaf individuals who rely on ASL require sign language interpreters to communicate effectively with medical staff.

35.     Defendant knew or should have known that Deaf individuals need sign language interpreters for their medical appointments.

36.     On information and belief, Deaf inmates at the Marion County Jail are still periodically denied interpreter services at medical appointments.

*Interpreters for Access to Jail Programs or Services*

37.     Defendant provides programs or services for individuals in their custody, including education, mental health, and counseling.

38.     Defendant does not consistently provide interpreters for such programs or services, including jail orientation, education classes, counseling, substance abuse counseling, even when such programs are required under the terms of the inmates sentences.

39.     For Deaf and Hard of Hearing inmates who do not use ASL, other auxiliary aids and services are necessary to ensure their effective participation and understanding of Defendant's services and programs.

*Other Auxiliary Aids and Services*

40.     Computer Assisted Real Time (CART) is a system that provides access to spoken information for people with hearing loss. CART operators use a court reporting machine to input spoken text. The output of the court reporting machine is fed to a computer, which produces a text document that corresponds very closely to the words used by the speaker. Once in the computer, the text can be displayed on a computer monitor (for one or two users) or projected onto a screen

PAGE 8 – CLASS ACTION COMPLAINT

(for more users). CART is generally the system of choice for late-deafened people attending classes, meetings, and or receiving spoken information.

41.     An Assistive Listening Device or System (ALDS) can be any one of several technologies that are used to improve the reception of speech for people with hearing loss in situations when it might be difficult or impossible to hear otherwise. ALDS can be used by people without hearing aids, with hearings aids, and with cochlear implants. Generally speaking, ALDS are especially beneficial for persons who have lost some of their hearing, but are still able to understand speech if it is amplified and directed appropriately.

42.     Thus, CART or ALDS is necessary to allow certain Deaf or Hard of Hearing individuals in Defendant's custody and under Defendant's supervision to effectively understand and participate in Defendant's programs and services.

43.     Defendant, through their policies and practices, failed to provide any access to CART or ADLS for Deaf or Hard of Hearing inmates in Defendant's custody and control and under Defendant's supervision.

44.     Television programming and jail announcements can be made accessible to those with hearing impairments with captioning. Captioning can be either be open (viewable by all viewers) or closed (viewable only by those who opt to activate the caption chip within every television). Closed-captioned television is a free service provided by network and cable television broadcasters which enables Deaf and Hard of Hearing individuals the ability to read the dialogue of television news and entertainment programming.

45.     Defendant, through their policies and practices, failed to provide any access to close-captioned television for Deaf or Hard of Hearing inmates in Defendant's custody and control and under Defendant's supervision.

**Access to Visual Notification of Announcements**

46.     Deaf and Hard of Hearing inmates through Defendant's Marion County Jail have difficulty in accessing public address and other audio alerts and announcements available to other

PAGE 9 – CLASS ACTION COMPLAINT

inmates. They also have difficulty in accessing an understanding the direction and commands of corrections officers and staff.

47.     Deaf and Hard of Hearing inmates have been unable to hear daily announcements made by jail staff, such as announcements requiring inmates to report to their cells for head counts, meals and recreation times.

**Inadequate Access to Counsel**

48.     Deaf inmates communicate through ASL with their attorneys. Defendant does not have a private counsel room in its work release facility for Deaf inmates and their counsel to communicate through ASL.

**ADA Coordinator**

49.     At all times materials, Defendant failed to designate and provide notice of a responsible employee to coordinate efforts to comply with and carry out the Defendant's responsibilities under Title II of the ADA in violation of 28 CFR § 35.106 and 28 CFR § 35.107.

**Facts in Respect to Plaintiff**

50.     On or about June 29, 2018, Plaintiff was booked into the Marion County Jail to serve an approximate one month's sentence. Defendant delayed approximately seven (7) hours before providing an ASL interpreter in booking.

51.     Plaintiff requested to see a nurse and doctor for a back injury. He was not given an appointment.

52.     Plaintiff repeatedly attempted to use Defendant's TTY/TTD machine at the Work Release Center he was housed in to call family and his attorney. The machine did not work correctly.

53.     On July 10, 2018, Plaintiff had an appointment with his attorney. Defendant failed to provide a private room for him to meet with his attorney, so there was no place to have an ASL conversation.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

54.    On July 10, 2018, Defendant was informed through counsel that the TTY/TTD machine was not working.

55.    On July 11, 2018, Plaintiff attempted to call his attorney and was unable to have an effective conversation because the TTY/TTD machine did not work.

56.    Defendant did not provide ASL interpreter services to Plaintiff as requested. Defendant did not provide Plaintiff with an ASL interpreter at any time while he was incarcerated beyond the interpreter provided at booking.

57.    During his time in jail, Plaintiff made repeated requests via a hand-written paper request to corrections or civilian staff for TDD equipment so that he could contact his family and attorney as other inmates were allowed to use the telephone for the same purposes. Plaintiff's requests were de facto denied each time as working TDD equipment was not provided.

58.    Plaintiff was unable to effectively communicate with jail staff, his attorney, medical staff, and other inmates. He could not use jail services and programs on an equal basis with hearing inmates.

59.    The lack of effective communication, telephone access and lack of access to a recreation program resulted in feelings of frustration, humiliation, anger, anxiety, isolation, confusion and loss of dignity for Plaintiff.

## V. CLASS ACTION ALLEGATIONS

60.    This action is also brought as a class action under Rule 23 of the Federal Rules of Civil Procedure. Defendant's conduct has been systematic and continuous and has affected and continues to affect large numbers of Deaf individuals. Plaintiff brings this class action to secure redress for Defendant's uniform and common practice of failing to provide auxiliary aids and reasonable accommodations. Defendant's obligations and conduct have been uniform throughout the Class Period.

61.    Plaintiff seeks certification of the following opt-out class:

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

(a)    All persons in the state of Oregon who are or have been deaf and incarcerated by Defendants during the Class Period.

(b)    The Class Period runs two years prior to the filing of this Complaint and is ongoing.

(c)    Excluded from the Class are Plaintiff's counsel and the assigned Judge and the Judge's family.

62.    The proposed Class is so numerous as to make it impractical to bring all Class Members before the Court.

63.    The named Plaintiff is typical of members of the class. He was a Deaf inmate during the Class Period who was incarcerated in Marion County Jail and was not provided with auxiliary aids or reasonable accommodation.

64.    There are numerous and substantial questions of law and fact common to all of the Members of the Class that predominate over any individual issues. Included within the common questions of law and fact are:

(a)    Whether Defendant failed to provide auxiliary aids to Plaintiff and the Members of the Class in the form of TTY/TDD machines, ASL interpreters, and closed-captioning;

(b)    Whether Defendant's failure to provide auxiliary aids resulted in longer incarceration and wait times for Deaf inmates incarcerated by Defendant because they are unable to communicate with counsel on the same terms as hearing inmates;

(c)    Whether Defendant's conduct constitutes violations of Title II of the Americans with Disabilities Act;

(d)    Whether Defendant's conduct constitutes violations of Section 504 of the Rehabilitation Act of 1973;

(e)    Whether Plaintiff and the Members of the Class have sustained damages and the proper measure of those damages; and

PAGE 12 – CLASS ACTION COMPLAINT

(f)     Whether Plaintiff and Class Members have suffered and will continue to suffer irreparable harm from Defendant's failure to comply with the law.

65.     Plaintiff has no interests adverse to the interests of other Members of the Class and will fairly and adequately protect the interests of the Class.

66.     Plaintiff has retained counsel experienced and competent in the prosecution of class actions and complex litigation.

67.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Defendant refusal during the Class Period to provide auxiliary aids and reasonable accommodation to its Deaf inmates, the Class Members will be unable to obtain the relief to which they are entitled.

68.     Most individual Members of the Class have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the relatively small damages suffered by each Member of the Class.

69.     This action will allow an orderly and expeditious administration of class claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured.

70.     This action should present no difficulty that would impede its management by the Court as a class action and is the best available means by which Plaintiff and the Members of the Class can seek redress for the harms caused to them by Defendant.

## VI. CAUSES OF ACTION

**COUNT I – Discrimination on the Basis of Disability in violation of Title II of the Americans with Disabilities Act (42 U.S.C. §12131 et seq.)**

**(On behalf of Plaintiff and a class of similarly situated individuals)**

71.     This claim is brought against Defendant by Plaintiff on behalf of himself and a class of similarly situated individuals.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

72.     Plaintiff and Members of the Class re-allege the prior paragraphs as though fully set forth herein.

73.     Title II of the Americans with Disabilities Act ("ADA") states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

74.     Defendant is a "public entity" as that term is defined in 42 U.S.C. §12131(1).

75.     Marion County, its Marion County Sheriff's Office, and its Marion County Jail is a "public entity" as that term is defined in 42 U.S.C. §12131(1).

76.     Title II of the ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. §12131(2). Plaintiff and Members of the Class are qualified individuals with a disability as that term is defined in §12131(2). Plaintiff and the Members are substantially limited in the major activities of hearing and speaking. Plaintiff meets the eligibility requirements for participation in the programs or activities of the County.

77.     The U.S. Department of Justice ("DOJ") regulation implementing Title II of the ADA clearly requires the provision of effective communication as a part of its nondiscrimination mandate. 28 C.F.R. § 35.160. The regulation states that "[a] public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public . . . with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a).

78.     Defendant failed to provide effective communication for Plaintiff and other Members of the class, on the basis of their disability, the same access to Defendant's services, benefits, activities, programs, or privileges as the access provided to hearing individuals.

PAGE 14 – CLASS ACTION COMPLAINT

79.     To ensure effective communication, the ADA requires that "a public entity shall furnish appropriate auxiliary aids and services where necessary to afford qualified individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1). Auxiliary aids and services include, but are not limited to, "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments," 42 U.S.C. § 12103, such as videophones and videotext displays. 28 C.F.R. § 35.104.

80.     In determining what type of auxiliary aid and service is necessary, "a public entity shall give primary consideration to the requests of the individual with disabilities." 28 C.F.R. § 35.160(b)(2).

81.     At all relevant times, Defendant was aware of Plaintiff's physical disabilities, namely that Plaintiff was deaf. Defendant had notice that an auxiliary aid was necessary for Deaf and Hard of Hearing inmates or prisoners, including Plaintiff, to effectively communicate with the corrections officers at booking, to use the telephone, to talk to corrections officers, medical staff, counselors, and to fully use television during his time in jail.

82.     Defendant is violating 42 U.S.C. §12132 and its accompanying regulations by knowingly and intentionally committing the following discriminatory acts or practices:

(a)     Failing to provide an ASL interpreter or appropriate auxiliary aids for communication;

(b)     Failing to allow Plaintiff and members of the class to use a pen and paper to communicate their needs;

(c)     Failing to provide a TDD that functioned so that Plaintiff and Members of the Class can make telephone calls;

(d)     Failing to provide access to counsel;

(e)     Failing to provide closed-captioned television;

(f)     Failure to provide videophones;

PAGE 15 – CLASS ACTION COMPLAINT

(g)     Failing to provide other auxiliary aids such as remote video interpreting;

(h)     Intentionally refusing to provide Plaintiff and Members of the Class with an equally effective method of communication as is provided to other inmates in the Marion County Jail;

(i)     Maintaining a pattern or practice of discrimination against Plaintiff and all other Deaf inmates;

(j)     Intentionally failing to accommodate Plaintiff's and Members of the Class's disability by refusing to provide an ASL interpreter of other appropriate auxiliary aids;

(k)     Maintaining an environment of hostility toward Plaintiff and Members of the Class based on his disability and toward other Deaf inmates; and

(l)     Intentionally denying Plaintiff and Members of the Class participation in programs, services, or activities in the Marion County Jail that is equal to the participation of non-disabled inmates.

83.     Defendant's conduct showed deliberate indifference to Plaintiff's and Members of the Class's rights because the County knew that Plaintiff requested auxiliary aids for communication, disregarded his requests without making an effort to determine if it was possible to accommodate his request, and denied multiple requests for accommodations over the course of several weeks.

84.     Upon information and belief, the failure to provide effective communication to Deaf and Hard of Hearing individuals and the failure to provide comparable access to services, programs, activities provided to hearing individuals are ongoing and continue to date.

85.     As a result Defendant's unlawful actions, Plaintiff suffered and continues to suffer humiliation, distress, and impairment of his personal dignity and right to be free from discrimination or interference with his statutory rights.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

86.    Plaintiff and Members of the Class are entitled to equitable relief and compensatory damages in an amount to be determined at trial. Plaintiff's damages are not expected to exceed $150,000. Plaintiff reserves the right to amend this amount prior to or during trial, as the evidence requires.

87.    Plaintiff and Members of the Class are entitled to injunctive relief as against the County including, but not limited to an order prohibiting the County from continued discrimination against people with disabilities by refusing to provide adequate ASL interpreters and other auxiliary aids to Deaf persons and an order mandating full compliance with Title II of the ADA.

88.    Plaintiff is entitled to a declaration that the County violated Title II of the ADA.

89.    To the extent any amount awarded to Plaintiff and Members of the Class is for damages occurring prior to the entry of judgment, Plaintiff and Members of the Class are entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

90.    Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Plaintiff and Members of the Class are entitled to an award of attorney's fees, expert witness fees and costs incurred.

91.    Plaintiff and Members of the Class are entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**COUNT II – Discrimination on the Basis of Disability in Violation of the Rehabilitation Act of 1973, Section 504 (29 U.S.C. § 701 *et seq*.)**

**(By Plaintiff on behalf of himself and a class of similarly situated individuals)**

92.    This claim is brought against Defendant by Plaintiff on behalf of himself and a class of similarly situated individuals.

93.    Plaintiff and Members of the Class re-allege the prior paragraphs as though fully set forth herein.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

94.     Section 504 states "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

95.     Plaintiff and Members of the Class are qualified individuals with disabilities or handicap under the Rehabilitation Act because they are substantially limited in the major activities of hearing and speaking.

96.     Plaintiff and Members of the Class were otherwise qualified to receive the benefit of the services made available to inmates of the Marion County Jail.

97.     At all times material, the County was and is a recipient of federal financial assistance for its programs and activities.

98.     At all times material, the Marion County, the Marion County Sheriff's Office, and the Marion County Jail was and is a recipient of federal financial assistance for its programs and activities.

99.     Defendant's actions and omissions as described above violated Plaintiff's and Members of the Class's rights under the Rehabilitation Act by excluding them or denying them the benefits of Defendant's services solely because of their disability.

100.    Defendant's conduct showed deliberate indifference to Plaintiff's and Members of the Class's rights because Defendant knew that they requested auxiliary aids for communication, disregarded their requests without making an effort to determine if it was possible to accommodate his request, and failed to provide an adequate auxiliary aid in lieu of a qualified interpreter.

101.    Plaintiff and Members of the Class sustained emotional distress and damages due to Defendant's violation of the Rehabilitation Act.

102.    Pursuant to Section 505 of the Rehabilitation Act, Plaintiff and Members of the Class are entitled to compensation for their damages and an award of attorney fees and costs.

PAGE 18 – CLASS ACTION COMPLAINT

## VII. PRAYER FOR RELIEF

Plaintiff David Updike and the Members of the Class seek judgment against Defendant Marion County, Oregon, and request that this Court enter an Order as follows:

A.     Accepting jurisdiction of this case and declaring that Defendant violated Title II of the ADA;

B.     Accepting jurisdiction of this case and declaring that Defendant violated Section 504 of the Rehabilitation Act of 1973;

C.     Injunctive and other equitable relief as the Court deems appropriate, including, but not limited to, an Order requiring Defendant to provide qualified American Sign Language interpreters and auxiliary aids, to establish polices to accommodate Deaf people, and requiring Defendant to appoint and train ADA coordinators and to make existence of the coordinator or coordinators and a process to follow to contact the coordinator known to inmates with Disabilities;

D.     To require Defendant to establish a policy and procedure for ensuring Deaf persons in custody will have access to ASL interpreters while incarcerated, use of other auxiliary aids such as access to paper and writing instruments, access to functioning TDDs that are compatible with the telephones available to inmates, videophones, and closed-captioned television;

E.     A sum which will fully compensate Plaintiff and Members of the Class for their noneconomic damages in a sum that is just as determined by a jury;

F.     A sum which will fully compensate Plaintiff and Members of the Class for their economic damages in a sum that is just as determined by a jury;

G.     Plaintiff's and Members of the Class's costs and disbursements incurred herein;

H.     Plaintiff's and Members of the Class's attorneys' fees; and

I.     For such other and further relief as the Court may deem just and equitable.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

**Plaintiff demands a trial by Jury, on behalf of himself, and for all others similarly situated.**

    DATED:  July 23, 2018

LAW OFFICES OF DANIEL SNYDER

       */s/ Daniel Snyder*
       Daniel Snyder, OSB No. 783856
       dansnyder@lawofficeofdanielsnyder.com
       Carl Post, OSB No. 061058
       carlpost@lawofficeofdanielsnyder.com
       John Burgess, OSB No. 106498
       johnburgess@lawofficeofdanielsnyder.com
       Telephone: (503) 241-3617
       Facsimile: (503) 241-2249
       Of Attorneys for Plaintiff

PAGE 20 – CLASS ACTION COMPLAINT

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249
