IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DAVID UPDIKE, on behalf of himself, and for all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARION COUNTY, OREGON,<br><br>Defendant | Case No. 6:18-cv-01383-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Plaintiff David Updike brings this putative class action against defendant Marion County, alleging two claims: (1) discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and (2) discrimination in violation of section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. The County has filed a Renewed Motion for Protective Order (doc. 45) to limit topics for the Rule 30(b)(d) deposition of Marion County. For the following reasons, the County's motion is GRANTED in part and DENIED in part.

## BACKGROUND

I. *Rule 30(b)(6) Organizational Depositions*

Rule 30(b)(6) permits a party to name an organization as a deponent. The party's notice "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Then, the named organization must designate one or more witness, who "must testify about information known or reasonably available to the organization." *Id.*

"In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give their personal opinion. Rather, they present the corporation's 'position' on the topic. The designee testifies on behalf of the corporation and thus holds it accountable." *Sprint Commc'ns Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006) (quotations marks and footnotes omitted). Under this rule, "companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.* (quotation marks omitted).

Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate or organizational party, the Rule itself requires that the party requesting the deposition "must describe with reasonable particularity the matters for examination." As one court has explained, "to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that

are relevant to the issues in dispute." *Sprint*, 236 F.R.D. at 528 (emphasis added); see also *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008). "Once notified as to the reasonably particularized areas of inquiry, the corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Sprint*, 236 F.R.D. at 528 (quotation marks omitted); see also *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 660-61 (D. Or. 2015). Thus, for Rule 30(b)(6) to achieve its objectives, both the party requesting discovery and the party providing discovery must conscientiously and fairly comply with the demands of the rule.

II. *Factual and Procedural History*

For this discovery motion, the Court takes as true the following facts alleged in the complaint. Plaintiff has been deaf his entire life. He relies on American Sign Language (ASL) to communicate and needs an ASL interpreter to communicate effectively with people who do not know ASL. Without auxiliary aids, like video conferencing, teletypewriters, and closed-caption functions, plaintiff cannot use a standard telephone or understand programs on television.

Plaintiff served a month-long sentence at the Marion County Jail beginning June 29, 2018. He alleges that, during his incarceration, he asked for a medical appointment for a back injury but was not given an appointment, that he repeatedly tried to use the jail's teletypewriting machine to call his family and attorney but the machine did not work and was not repaired despite the hand-written requests he

made to corrections and civilian staff. Plaintiff also alleges that the County failed to provide him a private room to meet with his attorney so they could not have an ASL conversation. He further alleges that the County did not provide plaintiff with ASL interpreter services when he requested them and the only time he had an ASL interpreter was at booking. Plaintiff asserts that he could not effectively communicate with jail staff, his attorney, medical staff, or other inmates and that he could not use jail services and programs on an equal basis with hearing inmates. Plaintiff also asserts that lack of effective communication, lack of telephone access, and lack of recreational opportunities caused him to feel frustrated, humiliated, angry, anxious, isolated, and confused and caused a loss of dignity for plaintiff.

Plaintiff asserts that his experience at Marion County Jail is representative of the experiences of other deaf inmates. He seeks to represent a class of past and future deaf inmates.

Plaintiff filed a complaint alleging violations of the ADA and Rehabilitation Act on July 28, 2018, while he was still in Marion County Jail. As relevant to this motion, he sent a Notice of Deposition of Marion County on July 17, 2019. After the County asked plaintiff to change the date of the deposition, plaintiff sent an Amended Notice of Deposition for the new date of August 8, 2019. Then, after receiving the County's objections to some topics in the Amended Notice of Deposition, plaintiff sent a Second Amended Notice of Deposition. On July 3, 2019, the County protectively moved for a protective order, asserting objections to some topics in the Second Amended Notice.

Following an August 6, 2019 telephonic status conference on the parties' dispute, the Court ordered the County to file a renewed motion and the parties to file simultaneous briefing on the issues. The parties also agreed that they would move forward with the August 8 deposition, but that plaintiff would not ask questions about the topics that the County had objected to until the Court ruled on those objections.

## DISCUSSION

Plaintiff's Second Amended Notice of FRCP 30(b)(6) Deposition of Marion County contains 36 paragraphs that designate or describe specific subject matters for an organizational deposition of the County. Under Rule 30(b)(6), the County must provide one or more witnesses to testify on its behalf about the specific subject matters described in each of the paragraphs. The County seeks a protective order under Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure and asks this Court to strike two and limit the scope of two of these paragraphs.

Rule 26(c)(1)(D) allows any person from whom discovery is sought to move for a protective order and authorizes the Court, for good cause, to forbid inquiry into certain matters or limit the scope of disclosure or discovery to certain matters. The Court will separately address each of the four paragraphs of plaintiff's Second Amended Notice that are at issue in the County's motion.

I. *County's Motion to Strike Paragraphs 30 and 36*

   A. *Paragraph 30 – Attempts by Other Inmates to Communicate with Plaintiff*

In paragraph 30, plaintiff asks the County to designate a witness to testify about whether the County knows of "any and all attempts by inmates . . . to

communicate with Plaintiff in sign language, writing or other means since January 1, 2018." Plaintiff also seeks those individuals' identities, history of confinement at the jail, and what was said or communicated by the inmates to plaintiff.

The County argues that it has no way to determine which inmates "attempted to" communicate with plaintiff and determine what they communicated. The County asserts that it would have to review inmate files to determine whether there are notes of other inmate contact with plaintiff.

Plaintiff responds that the purpose of this request is to determine whether the County knows about inmates who communicated with plaintiff at the jail and is intended to avoid surprise at trial. Plaintiff asserts that if the County does not know of any inmates who tried to communicate with plaintiff, then its witness can say so.

Paragraph 30, however, goes well beyond what plaintiff describes in his response and is unreasonably burdensome in the context of Rule 30(b)(b). Further, because any information about the County's knowledge of other inmates' attempts to communicate with plaintiff, the identities of those inmates, and the substance of the communications is in paper records, plaintiff may serve a request under Rule 34 for the production of relevant records, and if no such records can be located, the County must provide that response in writing.

The County's objection to paragraph 30 is well-taken and SUSTAINED.

B. *Paragraph 36 – Other Deaf and Hard of Hearing Inmates*

In paragraph 36, plaintiff seeks testimony about the identity of all deaf and Hard of Hearing inmates at the jail since January 1, 2016.

The County objects to this request as unduly burdensome and expensive, since the County does not have a database to identify each deaf or hard of hearing inmate. The County also argues that the request would intrude on the privacy and security of third parties. Finally, the County asserts that it has provided information related to this request in document discovery, which the County contends is more proportional to the needs of this case.

The County's objection to paragraph 36 is well-taken and SUSTAINED. Document discovery under Rule 34 is a more appropriate way for plaintiff to obtain this information. Plaintiff asserts that the County should be required to list all Deaf and Hard of Hearing inmates in its custody since January 1, 2016 at its deposition because the County's limited production failed to provide documents identifying such inmates. But that is a separate discovery issue, which the Court would be willing to address at a future status conference and, if necessary, in a motion to compel.

II. *County's Motion to Limit the Scope of Paragraphs 10 and 29*

A. *Paragraph 10 – Sheriff's Office Policies and Procedures*

In paragraph 10, plaintiff seeks testimony about the Sheriff's office "policies, procedures and unwritten procedures in effect since January 1, 2016 that implement policies regarding" deaf and hard of hearing inmates' access to services "as well as reasons the policies were put in place, any revisions to the original policies, as well as how the polices have been carried out since January 1, 2016."

The County objects to plaintiff's request to provide testimony on the reasons for the policies and on how the policies have been carried out. The County asserts

that those requests are vague, irrelevant, and burdensome. Defendant argues that "[m]any of the policies were implemented years ago, many are nonspecific to deaf and [hard of hearing] inmates, and some may have undergone multiple changes."

The County's objection is SUSTAINED in part and OVERRULED in part. The County is relieved of its obligation to ensure that the witness designated for paragraph 10 is prepared to answer questions about any changes or reasons for any changes made before January 1, 2016. Still, plaintiff may ask the witness what, if anything, the witness knows about the history, changes, or reasons for policies or procedures on deaf and hard of hearing inmates' access to services in jail and require the witness to answer to the best of their knowledge. The County's objection to the topic of how the policies have been carried out since January 1, 2016 is overruled. The topic is a reasonable and highly relevant area for inquiry.

B. *Paragraph 29 – Sheriff's Office Employees and Subcontractor Employees*

In paragraph 29, plaintiff seeks testimony about attempts by Sheriff's office employees and employees of subcontractors who provide inmate services, programs, or care to communicate with plaintiff since January 1, 2018. Plaintiff also seeks those individuals' identities, ASL knowledge, experience communicating with deaf and hard of hearing individuals, role in the jail, and the substance of their communications.

The County does not object to providing a witness to testify about its awareness of its employees' attempts to communicate with plaintiff but does object to plaintiff's request that the designated witness testify about the background of these individuals

and the substance of their communications with plaintiff. The County also objects to the request to the extent that it requires defendant to interview nonemployees, such as those providing religious and educational services, to determine their ASL knowledge, background, role, and substance of communications, which the County argues would be unduly burdensome. The County asks the Court to limit this request to county employees.

The County's objection is SUSTAINED in part and OVERRULED in part.

The County's request to limit this topic to employees is overruled. The County explained why preparing a witness to testify about nonemployee backgrounds and the substance of their communications with defendant would be unduly burdensome but has not explained why the witness should not have to identify, to the best of the County's knowledge, non-employees who communicated with plaintiff.

The County's objection regarding the background of the employees and non-employees who communicated with plaintiff and the substance of their communications is sustained. The County produced plaintiff's inmate and medical files, which show the identities of deputies and healthcare staff who interacted with plaintiff. The County also responded to interrogatories by identifying deputies who recalled communicating with plaintiff. Plaintiff can obtain information about these individuals' backgrounds, how they communicated with plaintiff, and the substance of those communications by deposing the individuals.

## CONCLUSION

The County's Renewed Motion for Protective Order Limiting Topics of the Rule 30(b)(6) Deposition of Marion County (doc. 45) is GRANTED IN PART AND DENIED IN PART. The County's objections to paragraphs 30 and 36 are sustained. The County's objections to paragraphs 10 and 29 are sustained in part and overruled in part.

IT IS SO ORDERED.

Dated this 30th day of September 2019.

Ann Aiken
United States District Judge